IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-119-RLV
(5:03-cr-00034-RLV-1)

| | |
|---|---|
| RICKY EUGENE EVERHART,          )<br>                                 )<br>                                 )<br>         Petitioner,            )<br>                                 )<br>                                 )     **ORDER**<br>vs.                              )<br>                                 )<br>UNITED STATES OF AMERICA,        )<br>                                 )<br>         Respondent.            )<br>                                 )<br>_____  )| |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration re Order on Motion to Amend/Correct, Order on Motion to Dismiss, Order on Motion for Summary Judgment," (Doc. No. 12).

**I.     DISCUSSION**

On August 20, 2012, this Court granted Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255; denied Petitioner's Motion for Summary Judgment; and granted Petitioner's Motion to Amend/Correct the § 2255 motion. (Doc. No. 10). In support of the motion to alter or amend judgment, Petitioner contends that the Court converted Respondent's motion to dismiss to a motion for summary judgment without giving Petitioner adequate notice under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner notes that the Court set forth in its Order the standard of review for motions for summary judgment brought under Rule 56 of the Federal Rules of Civil Procedure. Petitioner

1

contends that if the Court had notified him of the summary judgment rules, he would have presented additional exhibits, affidavits, and other responsive material along with his response to Respondent's motion to dismiss. Petitioner seeks to have this Court reverse its prior Order, and issue Petitioner a Roseboro notice "with an opportunity given to respond to the government's motion to dismiss, as though it is what the Court construed it as, a Motion for Summary Judgment." (Doc. No. 12 at 3).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to Petitioner. See Hill, 277 F.3d at 708. In its Order, the Court treated Respondent's motion to dismiss as a motion to dismiss and granted it. Consequently, the Court denied Petitioner's motion for summary judgment because the granting

of Respondent's motion to dismiss rendered Petitioner's motion for summary judgment moot. Although the Court did use language from Rule 56 in the Standard of Review section of the Court's Order in reference to Petitioner's summary judgment motion, failure to also include the Rule 12(b)(6) standard of review in reference to Respondent's motion to dismiss was an oversight.

The court further notes that the only documents outside of the pleadings that the Court considered were documents from Petitioner's underlying criminal proceedings. Petitioner was convicted of conspiracy to possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base and with two counts of possessing the same in violation of 21 U.S.C. §§ 846, 841(a)(1). In his § 2255 petition, and in response to Respondent's motion to dismiss, Petitioner contended that the baking soda that was in the crack cocaine was not usable and, therefore, should not have been included in measuring the amount of the controlled substance for purposes of calculating the 508 grams on which Petitioner's offense level and sentence were based. (Doc. No. 8 at 1). Petitioner contended that his counsel was ineffective for failing to alert the Court to USSG Amendment 484 and to object to the volume of cocaine base used to determine Petitioner's offense level.[1] This Court ruled as a matter of law, and without reference to anything other than Petitioner's underlying criminal proceedings, that Petitioner's usability argument and his ineffective assistance of counsel claim were both without merit because the sentencing court properly included the baking soda portion of the crack

---

[1] Amendment 484, which became effective in 1993, addresses the meaning of "mixture or substance" as used in 2D1.1 and can be found in Application Note 1 to 2D1.1. It excludes "materials that must be separated from the controlled substance before the controlled substance can be used" from the weight of the controlled substance determined for purposes of calculating the offense level. (USSG § 2D1.1, cmt. (n.1)). Baking soda is not such a material.

cocaine in measuring the cocaine amount.  See (Doc. No. 10 at 9-11).  When reviewing a Rule 12(b)(6) motion to dismiss, the court may consider information in the public record without converting the motion to dismiss to a motion for summary judgment.  See  Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (citing Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record . . . .")).  Here the Court's consideration of Petitioner's underlying criminal proceedings did not convert Respondent's motion to dismiss to a motion for summary judgment.  Therefore, Petitioner's contention that he did not receive adequate notice under Roseboro is without merit.[2]

For the reasons stated, the Court will deny Petitioner's motion to amend or alter the judgment.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's "Motion for Reconsideration re Order on Motion to Amend/Correct, Order on Motion to Dismiss, Order on Motion for Summary Judgment," (Doc. No. 12), is **DENIED**.

---

[2] Although courts routinely issue Roseboro notices for both motions to dismiss and summary judgment motions, the Fourth Circuit did not hold in Roseboro that such notice was required for motions to dismiss.  Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions.  See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them.").

4

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong). Petitioner has failed to make the required showing.

Signed: March 27, 2013

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge